SLIP OPINION

Cite as 2014 Ark. App. 464

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–14–259

|  |  |
|---|---|
| LORA LINDSAY<br><br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES<br><br>APPELLEE | **Opinion Delivered** September 17, 2014<br><br>APPEAL FROM THE WASHINGTON<br>COUNTY CIRCUIT COURT<br>[NO. JV-2012-505-3]<br><br>HONORABLE STACEY<br>ZIMMERMAN, JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

## JOHN MAUZY PITTMAN, Judge

This is an appeal from an order terminating the parental rights of appellant, Lora Lindsay, to her minor children, A.L.1 and A.L.2. Appellant's attorney has filed a motion to be relieved as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal. Counsel's brief details all adverse rulings made at the termination hearing and explains why there is no meritorious ground for reversal. The clerk of this court sent copies of the brief and motion to be relieved to appellant, informing her that she had the right to file pro se points for reversal under Ark. Sup. Ct. R. 6-9(i)(3). No pro se points were filed.

The record shows that appellant left the children with an unsuitable person and did not return for them. A seventy-two-hour hold was placed on the children due to a host of

concerns, including a pending investigation of an allegation of sexual abuse perpetrated on a minor by appellant; medical neglect; homelessness; abandonment; illicit drug use; and volatile, unstable relationships. A plan for rehabilitation of the home and return of the children was put in place, but appellant failed to fully cooperate or comply with it. During this period, appellant was also arrested and jailed on several occasions. Appellant's instability and failure to cooperate led to the goal of the case being changed to termination of parental rights. After a hearing, it was found that appellant had failed to remedy the conditions causing removal and that, because of factors arising subsequent to the filing of the dependency-neglect petition, return of the children to appellant would be contrary to their best interest.

Based on our examination of the record and the brief presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit petitions in termination cases, and we hold that the appeal is wholly without merit. Consequently, we grant counsel's motion to withdraw and affirm the order terminating appellant's parental rights.

Affirmed; motion to withdraw granted.

WALMSLEY and HIXSON, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, Dependency-Neglect Appellate Division, for appellant.

No response.